**Kathleen P. March** (Bar No. 80366)
**THE BANKRUPTCY LAW FIRM, PC**
**10524 W. Pico Boulevard, Suite 212**
**Los Angeles, CA 90064**
**Phone (310) 559-9224**
**Fax (310) 559-9133**
**e-mail: kmarch@BKYLAWFIRM.com**
Attorneys for Defendant Secured Creditor
Pacific Motors, a CA Corp.

### UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA (MODESTO)

| | |
|---|---|
| In re:<br><br>JAMELIA ANTOINETTE ROBINSON<br><br><br><br>              Debtor<br>————————————————<br>JAMELIA ANTOINETTE ROBINSON<br><br>          Plaintiff-Debtor<br>versus<br>PACIFIC MOTORS,<br>A CA CORP.<br><br>         Defendant | Chapter 13<br><br>Case No.17-90400<br>Adv. Proc No. 17-09005<br><br><br>**PRETRIAL STATEMENT OF<br>ADVERSARY PROCEEDING<br>DEFENDANT<br>PACIFIC MOTORS, A CA CORP.**<br><br><br>Pretrial Conference is Set for:<br>Date: March 22, 2018<br>Time: 9:30am<br>Place:  US Bankruptcy Court<br>        501 I Street, Sixth Floor<br>        Courtroom 34<br>        Sacramento, CA |

1

2    **I.    INTRODUCTION**

3          In this adversary proceeding, debtor Robinson alleges that Pacific Motors, a

4    small used car dealer in Modesto, violated the bankruptcy automatic stay by not

5    returning to debtor, fast enough, after debtor filed bankruptcy, a Toyota Prius car,

6    which Pacific Motors had repossessed **pre-petition**, due to Robinson never having

7    made a single monthly payment on the Prius, from when she contracted to purchase

8    the Prius from Pacific, over time, to when Pacific repossessed the Prius **pre-petition**.

9    The adversary proceeding does not allege any stay violation relating to the **pre-**

10   **petition repossession**, as there was no automatic stay in effect **pre-petition**.  It only

11   alleges that Pacific violated the automatic stay by not returning the Prius to debtor,

12   fast enough, after debtor filed bankruptcy.

13          Debtor at all times owned a second car, a Chevy Cruz, which debtor drove to

14   Pacific when debtor visited Pacific to purchase the Prius from Pacific.

15          Debtor is represented in the adversary proceeding (but not in the underlying

16   bankruptcy) by an Arizona attorney, Kenneth Neeley, Esq., who brings alleged stay

17   violation adversary proceedings in Arizona and out of state, and whom debtor

18   testified is working on a contingent fee basis.

19          Pacific delayed returning the Prius to Robinson, post-petition,  because Pacific

20   reasonably believed that Debtor had **abandoned** the Prius, which debtor had  left

21   parked in a strip mall parking lot, for several days, filled with trash and partly eaten

22   food.

23          Pacific hired counsel, The Bankruptcy Law Firm, PC, which filed an <u>Answer</u>

24   in the adversary proceeding, on August 3, 2017. As a gesture of good will, Pacific's

25   <u>Answer</u> **offered to let debtor have possession of the Prius**, while the adversary

26   proceeding was litigated, despite debtor having no right to the Prius, due to debtor

27   having abandoned the Prius prepetition. It took debtor 5 days to pick up the Prius.

28   After she picked it up, she drove it little.

          Debtor thereafter filed a Motion to Modify her confirmed Chapter 13 plan, to

**PRETRIAL STATEMENT OF DEFENDANT PACIFIC MOTORS, A CA CORP.**    2

**abandon** the Prius to Pacific, and to pay more to the IRS. The Court denied that motion, after continuing once, due to debtor was behind on her plan payments on her confirmed plan.

Despite her Motion to Modify plan to abandon Prius being denied by the Court, Debtor thereafter parked the Prius next to Pacific's dealership. Pacific's undersigned counsel informed debtor's counsel Neeley that unless Robinson got her plan modified, everyone was bound by the plan, and the plan required Robinson to keep the Prius, and pay on it monthly to Pacific, as part of Robinson's monthly plan payment. Pacific's undersigned counsel refused to accept the Prius key, because that would be **in**consistent with the confirmed plan.

Debtor's multiple attempts, **post-petition**, to abandon the Prius–Motion to modify plan to abandon, and then ditching the Prius next to dealership--reinforces the fact that debtor **abandoned** the Prius in the strip mall parking lot, **pre-petition**.

Debtor testified in her deposition in the herein adversary proceeding that she **does not want the Prius**, that after the Prius was returned to her, she purchased a different car, and testified she in addition still owns the Chevy Cruz. Debtor also testified she was going to bring a new Motion to Modify her plan, to surrender the Prius. Debtor has not moved again.

This adversary proceeding could have, and would have, been settled immediately, but for Neeley's **unreasonable behavior**, which is aimed at needlessly running up attorneys fees for Neeley, a contingent fee attorney: Immediately after it filed its Answer, Pacific, by its undersigned counsel, made a written settlement offer to Debtor, in an attempt to avoid the expense to both sides of litigating the adversary proceeding. That settlement offer included that Robinson would have been given the Prius, free and clear. Robinson, by Neeley, rejected Pacific's settlement offer. Neeley has never made any settlement offer, he has only made demands for large amounts of money that are not settlement offers, as they offer nothing in return.

Neeley hopes that Pacific will lose the adversary proceeding (though it should not), and that the Court will order Pacific to pay Neeley's attorneys fees. That

---

**PRETRIAL STATEMENT OF DEFENDANT PACIFIC MOTORS, A CA CORP.**    3

should not happen, under any scenario, because the attorneys fees that Neeley is running up are **not** reasonable **or** necessary.  This adversary proceeding should have, and would have, been settled immediately, by Pacific's undersigned counsel, but for Neeley obstructing settlement.  Very few debtors who need a car, turn down a settlement offer of getting the car free and clear.  Debtor clearly did not need the Prius, and suffered no damage by not having the Prius from when it was repossessed pre-petition, to when it was returned post-petition.

Debtor said in deposition that she would supply documents, to be attached as an exhibit,  to support her unsubstantiated allegation that she was paying someone to drive her to work; but the deposition reporter reports no such documents have been supplied to reporter, by debtor's counsel Neeley.

If debtor loses this adversary proceeding, debtor will owe to Pacific, Pacific's attorneys fees, pursuant to the attorneys fees clause in the Prius installment purchase contract, and per the *Travelers* US Supreme Court case.   Neeley is willing to let debtor take that risk, to try to run up attorneys fees for Neeley.

On March 6, 2018, the Chapter 13 Trustee filed a Motion to Dismiss Debtor Robinson's Chapter 13 case, due to debtor being behind on plan payments on her confirmed Chapter 13 plan.

## II.  JURISDICTION AND VENUE

Jurisdiction and venue for this adversary proceeding are correct in Bankruptcy Court, ED CA (Modesto Division).  Debtor resides in this District, and Pacific's used car dealership is located in Modesto, CA.

## III.   UNDISPUTED FACTUAL ISSUES

Pacific believes everything stated in **I.** supra is **undisputed**, except the issues listed in **IV** immediately infra.

## IV.   DISPUTED FACTUAL ISSUES

**PRETRIAL STATEMENT OF DEFENDANT PACIFIC MOTORS, A CA CORP.**     4

1    Pacific believes that everything stated in **I**. supra is undisputed, except that the

2    following issues are **<u>disputed</u>**:

3        1.  Whether debtor had **<u>abandoned</u>** the Prius in the strip mall parking lot, pre-

4    petition: Pacific believes yes; but debtor testified, in her deposition, that she was just

5    parking the Prius in the strip mall parking lot, every day and night, to make it harder

6    for Pacific to find and repossess the Prius.

7        2.  If it were *assumed arguendo* that debtor had <u>not</u> abandoned the Prius in the

8    strip mall parking lot, did debtor--who at all times owned a second car, a Chevy

9    Cruz, and who bought a third car, after the Prius was returned to her--suffer any

10   damage from the delay in the Prius (repossessed pre-petition) being returned to

11   debtor's possession, post-petition.

12       3.  Is debtor equitably estopped from being awarded any damages, due to the

13   fact that debtor obtained the Prius from Pacific, by fraud, by misstating debtor's

14   financial situation.

15       4.  Does debtor owe Pacific reimbursement for Pacific's reasonable and

16   necessary attorneys fees, pursuant to the attorneys fees clause in the Prius installment

17   contract;  and if yes, what dollar amount should Pacific be awarded, as Pacific's

18   reasonable and necessary attorneys fees.  Or, does Pacific owe debtor her attorneys

19   fees; and if yes, what dollar amount should debtor be awarded, as her reasonable and

20   necessary attorneys fees relating to the delay in returning possession of the Prius to

21   debtor.

22

23   **V.    DISPUTED EVIDENTIARY ISSUES**:

24       Pacific is not aware of there being any disputed evidentiary issues.

25

26   **VI.   RELIEF SOUGHT**

27       Pacific requests the Court to enter Judgment against Debtor, in favor of

28   Pacific, (1) that there **<u>was no stay violation</u>**, because debtor–who had never made a

single monthly payment on the Prius--had abandoned the Prius in the strip mall

**PRETRIAL STATEMENT OF DEFENDANT PACIFIC MOTORS, A CA CORP.**    5

parking lot, pre-petition, and due to the prepetition abandonment, the Prius, repossessed pre-petition, did not become property of debtor's bankruptcy estate when debtor thereafter filed bankruptcy; and (2) that, per the attorneys fees clause in the Prius installment purchase contract, that debtor owes Pacific reimbursement for Pacific's reasonable attorneys fees of defending against the adversary proceeding.

Second, Pacific requests that, even if the Court were to find the stay applied, that the Court to order that debtor did **not** suffer any damage due to the delay in the Prius (repossessed prepetition), being returned to debtor, post-petition, because debtor had a second car, the Chevy Cruz, and because after the Prius was returned to her, debtor bought a third car. If the Court were to find that there was a stay, Pacific requests that the Court find that debtor/debtor's counsel acted unreasonably, and ran up attorneys fees unnecessarily, after the Prius was returned to debtor, and that only nominal attorneys fees should be awarded.

Third, Pacific requests that the Court order that debtor is equitably estopped from being awarded **any damages** of any kind, due to the fact that debtor obtained the Prius by making false statements to Pacific regarding debtor's financial situation.

## VII. POINTS OF LAW

1. An adversary proceeding is not required to seek damages for alleged stay violation, only a motion is required. At this point, debtor should only be proceeding by a 11 USC §362(k) **motion** seeking attorneys fees, **NOT by an adversary proceeding**: Pacific, in its Answer offered (as a gesture of good will) that debtor could have possession of the Prius, while this matter was being litigated; debtor picked up the Prius; and debtor still has possession of Prius, pursuant to Debtor's confirmed Chapter 13 plan (plan which requires debtor to make monthly payments on Prius, as part of debtor's plan payment, but debtor has defaulted in paying plan payments). Debtor's counsel is needlessly trying to run up attorneys fees, by insisting on litigating this as an adversary proceeding–with depositions, requests to produce, interrogatories, requests for admission, pretrial, trial, etc.–when this should

be resolved by a simple 362(k) motion.  Debtor's attorney should **not** be rewarded for needless litigation, because attorneys fees for needless litigation are not reasonable or necessary.

2.  Pre-petition abandonment is a question of California state law.  *In re Ozenne*, 337 B.R. 214, 219 (B.A.P. 9th Cir. 2006). Per California state law, abandonment of property requires both nonuser and the intent to abandon. *Pacific Gas & Electric Co. v. Zuckerman* (1987) 189 Cal.App.3d 1113, 1145.  Before an abandonment may be found it is necessary to establish nonuser accompanied by unequivocal and decisive acts showing an intent to abandon. *Id.* Nonuse is evidence of abandonment, its weight being proportionate to its duration. 1 Cal. Jur. 3d Abandoned Property § 16 (3d). Lapse of time, or delay in asserting a right, is closely associated with nonuser and are elements to be considered in connection with the question of abandonment. *Id.* Abandonment requires something more than mere passivity; there "must be some clear and unmistakable affirmative act or series of acts indicating an intention to relinquish ownership." *UMG Recordings, Inc. v Augusto* (2008) 558 F. Supp. 2d 1055, 1064.

3. Because debtor abandoned the Prius, pre-petition, in a strip mall parking lot, the Prius did **not** become property of debtor's bankruptcy estate.  Per 11 USC §§541(a)(1), what becomes property of a debtor's bankruptcy estate is property the debtor owns as of commencement of the bankruptcy case.  Property abandoned pre-petition does not become property of the bankruptcy estate, because the debtor ceased to own the property before the bankruptcy was filed.

4.  11 USC 362(a)(1)-(8) stays creditors from taking certain actions relating to property of debtor and property of debtor's bankruptcy estate, but does not stay Pacific from delaying in returning the Prius (repossessed pre-petition, when there was no automatic stay) to debtor, **after** debtor filed bankruptcy, where debtor abandoned the Prius in the strip mall parking lot **before** debtor filed bankruptcy.

4.  11 USC §362(k) provides that where there is a stay violation, "...an individual injured by any willful violation of the stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate

---

**PRETRIAL STATEMENT OF DEFENDANT PACIFIC MOTORS, A CA CORP.**      7

circumstances, may recover punitive damages."

A. Attorneys fees, per 11 USC §362(k), would be only be those attorneys fees incurred by the debtor that were "**reasonable and necessary**" to stop the stay violation. *In re Achterberg* (E.D.C.A. 2017) 573 BR 819, 840. Courts look to two factors to determine the amount of attorneys fees to award as part of damages for a stay violation: "(1)What expenses or costs resulted from the violation; and (2) what portion of those costs was reasonable, as opposed to costs that could have been mitigated." *In re Roman* (9th Cir. BAP 2002) 283 B.R. 1, 12, quoting *In re GeneSys, Inc.* (Bankr.D.Dist.Col.2001) 273 B.R. 290, 296 (other citations omitted).

B. Punitive damages are only awardable where a party acts with "fraud, oppression or malice". CA Civil Code §3294.

5. Pacific's Answer pleads affirmative defenses that (1) debtor is not entitled to any monetary damages, due to debtor's unclean hands ie, never made a single monthly payment from when contracted to buy vehicle over time until it was repossessed pre-petition, and obtained the vehicle by making fraudulent misstatements about material things, and then abandoned the vehicle, pre-petition, in a stip mall parking lot; and (2) that debtor is estopped from seeking any monetary damages due to debtor's inequitable and fraudulent behavior.

A. Debtor has unclean hands, because, she intentionally missstated her financial condition, to induce Pacific Motors to sell here the Prius; her unclean hands bars her from being entitled to monetary damages: The defense of unclean hands demands that the plaintiff act fairly in the matter for which he seeks a remedy. *Kendall-Jackson Winery, Ltd. v. Superior Court* (1999) 76 Cal.App.4th 970, 978. The equitable doctrine of "unclean hands" may be considered by a court in evaluating requests for attorneys fees and costs under Bankruptcy Code §362. *In Re Bertuccio* (2008) 414 B.R. 604, 625. A party is barred from relief if he has engaged in any unconscientious conduct directly related to the transaction or matter before the court. *Kendall-Jackson Winery, Ltd. v. Superior Court* (1999) 76 Cal.App.4th 970, 979. The misconduct need not be a crime or an actionable tort; any conduct that violates conscience, or good faith, or other equitable standards of conduct is

---

**PRETRIAL STATEMENT OF DEFENDANT PACIFIC MOTORS, A CA CORP.**          8

sufficient cause to invoke the doctrine. *Id.* Further, the misconduct asserted in an unclean hands defense must be sufficiently related to the matter currently before the court. *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (CA Ct. App. 1ˢᵗ Dist. 2005) 133 Cal.App.4th 658, 680.  The question is whether the unclean conduct relates directly to the subject matter involved and not whether it is part of the basis upon which liability is being asserted. *Id.*

B.  <u>Debtor is Equitably Estopped from Seeking Damages here, she intentionally missstated her financial condition, to induce Pacific Motors to sell here the Prius</u>:  The elements of the defense of equitable estoppel are: "(a) a representation or concealment of material facts; (b) made with knowledge, actual or virtual, of the facts; (c) to a party ignorant, actually and permissibly, of the truth; (d) with the intention, actual or virtual, that the ignorant party act on it; and (e) that the party was induced to act on it." *Simmons v. Ghaderi* (2008) 44 Cal. 4th 570, 584. See CA Evid. Code § 623:  "Whenever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing to be true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it."

6.  The Court can consider the creditor's conduct, and the debtor's conduct, in determining what dollar amount of attorneys fees were reasonable and necessary. "Bankruptcy courts...impose a duty on the debtor to mitigate its damages stemming from a violation of the automatic stay." *In re GeneSys, Inc.* (Bankr.D.Dist.Col.2001) 273 B.R. 290, 296 (internal citations omitted). The Bankruptcy Court for the Eastern District of California has additionally defined reasonable conduct as "that intended to minimize litigation and avoid incurring otherwise unnecessary expense and cost." *In re Achterberg* (E.D.C.A. 2017) 573 BR 819, 840.  Where the conduct of debtor/debtor' attorney unnecessarily extended litigating a claim of stay violation, which should have been settled, the Court can cut the attorneys fees sought by debtor/debtor's counsel to what is reasonable and necessary. In *In re GeneSys*, the court reduced the debtor's attorney fee award due to the fact that the debtor failed to minimize those fees, in part because the court perceived that the "debtor clearly

---

**PRETRIAL STATEMENT OF DEFENDANT PACIFIC MOTORS, A CA CORP.**     9

1
2
3
4
5
6
7

hoped to capitalize on the...technical violation of the stay, and sought to use it to coerce a remedy to which the debtor was not entitled." *Id.* In reducing the attorney's fees, the court awarded only the time that resolution of the violation of stay *should* have taken (there, the initial, brief time that the more expeditious resolution would have taken, plus an estimated hour to move for the fees), stating that "the fees ought to have been minimal, instead of the completely overblown award sought by the debtor[.]" The court reduced debtor's requested fee of $13,271.50 to $205.56. *Id.*

8
9
10
11
12
13
14

7. Pursuant to the _Travelers Casualty & Surety Co. v. Pacific Gas & Electric Co_, 127 S.Ct. 1199 (2007) US Supreme Court case, a creditor which is forced to litigate in Bankruptcy Court, and prevails, and which has an attorneys fees clause in its contract (as here, because there is an attorneys fees clause in the installment purchase contract for the Prius between Pacific and debtor) is entitled to award against the  bankruptcy debtor of the creditor's reasonable and necessary attorneys fees expended in the litigation in Bankruptcy Court.

**VIII.  ABANDONED ISSUES**

15
16

Pacific does not believe there are any abandoned issues.

**IX.    WITNESSES**

17
18

Pacific's witness list is attached.

**X.     EXHIBITS**

19
20
21
22
23
24
25
26
27
28

Pacific's exhibit list is attached.  But there is **delay** caused by Neeley, regarding one exhibit that Pacific will offer at trial, which is those portions of the transcript of Robinson's deposition, taken in this adversary proceeding by Pacific's undersigned counsel. See **XI** infra, that at trial, per FRE 801(d) (1) (admission of a party opponent), Pacific will offer various admissions made by debtor Robinson, in her deposition taken in herein adversary proceeding. **The problem is that there is a delay getting transcript of Robinson deposition**, prepared by the deposition reporter, BenHyatt, due to Robinson's counsel Neeley **not** having supplied, to BenHyatt,  2 exhibits that Neeley and Robinson agreed, in deposition, that Neeley would supply to BenHyatt, so BenHyatt could include the 2 exhibits in the Robinson deposition transcript.  Due to Neeley's failure (as of 3/13/18) to supply BenHyatt

---

**PRETRIAL STATEMENT OF DEFENDANT PACIFIC MOTORS, A CA CORP.**   10

with those two exhibits, BehnHyatt has **not** transcribed the Robinson deposition. Pacific's undersigned counsel has previously informed BenHyatt that Robinson's counsel Neeley agreed, in deposition, to send BenHyatt the 2 exhibits in question, and that BenHyatt therefore needs to get those 2 exhibits from Neeley.

## XI.  DISCOVERY DOCUMENTS

Pacific will offer at trial, per FRE 801(d) (1) (admission of a party opponent), various admissions made by debtor Robinson, in her deposition taken in herein adversary proceeding.

## XII.  FURTHER DISCOVERY OR MOTIONS

Pacific requests that the Court preclude Debtor from testifying at trial, that she paid a neighbor cash, to drive her to and from work, due to fact that debtor promised to supply documentation showing that to Deposition Reporter, to attach to her deposition, as an exhibit, but failed to do so.

## XIII.  STIPULATIONS

None

## XIV.  AMENDMENTS, DISMISSALS

None

## XV.  AGREED STATEMENTS

None

## XVI.  ATTORNEY'S FEES

As stated supra, Pacific seeks award of its reasonable and necessary attorneys fees and costs of defending against debtor's herein adversary proceeding, per the attorneys fees clause in the Prius installment purchase contract.  Debtor presumably seeks attorneys fees per 11 USC 362(k).

## XVII.  MISCELLANEOUS

At the original status conference in this adversary proceeding, the Court stated that if the car had been returned to debtor (which had already occurred), the car having been returned to debtor's possession would **significantly impact** what attorneys fees the court would be willing to award to debtor, if the court were to find delay in returning the Prius (repossessed pre-petition) to debtor (post- petition)

---

**PRETRIAL STATEMENT OF DEFENDANT PACIFIC MOTORS, A CA CORP.**   11

violated the bankruptcy stay.

Neeley (who was not present at that first status conference), and his client, obviously do not realize that the Court will not award attorneys fees run up unnecessarily, and unreasonably.

If the Court were to reiterate, to Neeley, Esq., at the pretrial conference, that this Court will not award attorneys fees run up unnecessarily and unreasonably, that the Court making this clear might result in this adversary proceeding settling, because Neeley, Esq. has only kept it going, to run up attorney's fees, which were neither reasonable, nor necessary.

**XVIII.  ESTIMATED TIME FOR TRIAL**

Pacific requests 1 day to put in its case.  Pacific does not know how much time debtor will request to put on debtor's

Dated: March 15,  2018    THE BANKRUPTCY LAW FIRM, PC

           /s/ Kathleen P. March

By Kathleen P. March, Esq., counsel for Pacific Motors, a California Corporation, on the herein adv. proceeding

---

## WITNESS LIST OF PACIFIC MOTORS

(does not include witnesses to be called for impeachment or rebuttal only)

1.  Amanda Uribe (worker at Pacific Motors)

302 N. Ninth St

Modesto, CA 95350


2.  Ashok Kumar (general manager of Pacific Motors)

302 N. Ninth St

Modesto, CA 95350


3.  Jamelia Robinson–to be called and examined as adverse witness

3701 Colonial Drive, Apt. 223

Modesto, CA 95356

Note, all 3 of these witnesses were deposed in this adversary proceeding.

## EXHIBIT LIST OF PACIFIC MOTORS

(Does not include exhibits to be used for impeachment only)

1.  Sale contract and loan form, selling Prius to Robinson

2.  Robinson W-2 and paystubs provided to Pacific by Robinson as part of purchasing Prius

3.  Documents showing debtor paid $500 of her downpayment on Prius with her credit card and showing debtor paid part of her boyfriends (Nicholas McFadden) downpayment with her credit card, on car boyfriend was buying same date that debtor was buying her car, ncluding paypal receipt and desk manaer down payment receipt

4.  documents showing information on Nicholas McFadden and proof of employment, given to Pacific regarding car McFadden was purchasing, which Robinson paid part of downpayment on for McFadden

5.  documents showing debtor and boyfriend employed at same Kaiser location in Vacaville, CA

6.  Bankruptcy schedules showing that credit card is one of the debts debtor seeks to discharge in her ch 13 case

7.  Payment history showing not a single monthly payment was made on Prius, only payment made was the $1,500 downpayment made by credit card, at time Robinson purchased Prius at Pacific Motors

8.  Late with your payment Notice sent to Robinson, by Pacific, before Robinson filed bankruptcy

9.  Pacific documents for boyfriends car, that debtor paid part of downpayment on with credit card debtor seeks to discharge, showing that debtor and boyfriend work at same employer

10.  GPS history printout on Prius location from date contract signed, onward

11.  Photos showing GPS chip in car

12.  Various Photos of car, inside and out, including of trash and partly eaten food left in car

**PRETRIAL STATEMENT OF DEFENDANT PACIFIC MOTORS, A CA CORP.**    14

13. Communications with debtor telling debtor behind on payments, asking debtor to pay

14. Documents showing car repossessed **prepetition**, on May 10, 2017 (including car Repossessed forms sent to police)

15. Pacer docket showing date debtor filed bky on May 11, 2017

16. letter from atty Hurst to Pacific

17. Email from Pacific to debtor's attorney Hurst, attaching statement of facts, saying, inter alia, that car was abandoned by debtor, before it was repossessed by Pacific

18. Answer filed in adversary proceeding, by Pacific, telling debtor that as a gesture of good faith, debtor can have possession of car while this adversary proceeding is litigated

19. Email to debtor atty emailing copy of answer and saying debtor can pick up case

20. Email of debtor atty to bky law firm saying debtor will pick up car on Tuesday, 8/8/17

21. Email to debtor atty saying vehicle can be picked up by debtor immediately

22. Receipt signed by debtor that debtor picked up Prius from Pacific on 8/8/17

23. first Settlement offer of Pacific offering to transfer car to debtor, plus money

24. Second settlement offer of Pacific, for same amount

25. Secured Proof of Claim filed by Pacific

26. email of KPMarch of Bankruptcy Law Firm, PC, of 8/17/17 to Price Law Group, to Stuart Price, Esq.

27. email of 8/17/17 from Stuart Price, Esq. of Price Law Group, to KPMarch, Esq.

28. second email of 8/17/17 of KPMarch of Bankruptcy Law Firm, PC, of

8/17/17 to Price Law Group, to Stuart Price, Esq.

29.  Cover letter dated 8/22/17, sent with Plaintiff's Discovery Requests, stating Prius' transmission was bad upon return of Prius to Robinson, and that Robinson counsel is planning to modify Robinson's Chapter 13 plan to surrender the vehicle back to Pacific "as it is non-functional and repairs will cost more than replacement".

30. the documents showing Pacific fixed the radio and changed the oil on the Prius in April 2017, at debtors, request, at no charge to debtor, though Pacific had no obligation to do so

31. DMV title ("pink slip") on Prius, along with Report to DMV of sale of used vehicle, and along with Vehicle Transfer form showing "As is -No Warranty"

32. Credit report debtor provided to Pacific as part of requesting to purchase Pruis from Pacific, on an installment purchase contract

33. 2 settlement offers that Pacific made to debtor's counsel, and the 2 payment demands (which were only payment demands, not settlement offers) which debtor's counsel sent to Pacific's counsel, demanding money but not offering any settlement in return for money;

34.  5/31/17 Pacific Motors letter to L. Tegan Hurst of Price law Group explaining Prius was abandoned in a shopping center parking lot, at time Pacific repossessed Prius, which was 5/10/17 (prepetition); plus the 7 documents listed at p2 of that letter, as follows: Report of Repossession from Modesto Police Department, Pacific Motors Repossession Form for Jamelia robinson, After Repossession Letter, Notice and Opporutnity to Cure (Final Notice), Notice of Past Due Balance (First Notice), and Unpaid Invoice from April 12, 2017

35. 12/22/17 cover letter to debtor's Interrogatories, Request to Admit, Requests for Production of documents,  from debtor's counsel to Pacific's counsel.

36. Deposition transcript of debtor Robinson's deposition taken on 1/15/18 in this adversary proceeding, plus all exhibits to that transcript

**PRETRIAL STATEMENT OF DEFENDANT PACIFIC MOTORS, A CA CORP.**   16

37.  Deposition transcript of Pacific manager Ashok Kumar, and all exhibits thereto

38. Deposition transcript of Pacific worker Amanda Uribe, and all 5 exhibits thereto, including letter sent by Pacific to Robinson telling Robinson that Pacific repossessed the Prius, and with attachment telling Robinson how she can get Prius back

39.  Robinson's written Responses to Pacific Motors Requests for Admissions, Requests to Produce Documents (including documents produced) and Interrogatories

40.  Copy of Debtor's confirmed Chapter 13 plan, downloaded from pacer, with Order confirming plan

41.  Debtor Robinson's Motion to Modify her confirmed Chapter 13 Plan, to surrender the Prius back to Pacific Motors, instead of debtor paying for Prius through debtor's confirmed Chapter 13 plan

42. Pacer docket for Robinson Chapter 13 case, showing Debtor's Motion to Modify Plan continued (due to debtor behind on plan payments)

43.  Order denying debtor's Motion to Modify Chapter 13 plan (due to debtor behind on plan payments)

PROOF OF SERVICE

State of California          )

                                          )

County of Los Angeles)

     I am an attorney admitted to practice in the State of California.  I am over the age of 18 and am not a party to the within action.  My business address is The Bankruptcy Law Firm, P.C.,  10524 W. Pico Boulevard, Suite 212, Los Angeles, California 90064.

     On March 15, 2018, I served a copy of the following:

**PRETRIAL STATEMENT OF DEFENDANT PACIFIC MOTORS, A CA CORP. WITH WITNESS LIST, EXHIBIT LIST, AND PROOF OF SERVICE**

**Adversary Proceeding Docket Control Number: PLG-009, submitted via e-filing system on 3/15/18.**

upon each of the following persons, by **Bankruptcy Court E-Serve System**, addressed as follows:

| **Co-Counsel for Debtor** | **Co-Counsel for Debtor** |
|---|---|
| Price Law Group, APC | Kenneth Lynn Neeley |
| L. Tegan Hurst, SBN 275830 | 2250 E. Germann Rd #11 |
| Stuart M. Price, SBN 150439 | Chandler, AZ 85286 |
| 15760 Ventura Blvd., Suite 800 | To email: kenn@neeleylaw.com |
| Encino, CA 91436 | |
| To email: Tegan@pricelawgroup.com | |

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

     Executed this March 15, 2018 at Los Angeles, California.

                /s/ Kathleen P. March
                Kathleen P. March